UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**MITCHELL PAUL MEYER**                                                                                       **PLAINTIFF**

v.                                                                        CIVIL ACTION NO. 4:25-CV-P16-JHM

**PAT DAY** *et al.*                                                                                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mitchell Paul Meyer filed this *pro se* prisoner 42 U.S.C. § 1983 action.  By prior Memorandum Opinion and Order, the Court conducted an initial review of the original complaint pursuant to 28 U.S.C. § 1915A and dismissed the action without prejudice to Plaintiff filing an amended complaint regarding his claims of excessive force and retaliation arising out of his incarceration at Hopkins County Jail (HCJ) to identify the specific individuals he alleges violated his rights and to state how each individual did so (DNs 7 and 8).  Plaintiff filed an amended complaint (DN 11), which the Court construes as a motion to reopen the action and amend the complaint.  Upon review, the Court will grant the motion.

The amended complaint (DN 11) is now before the Court upon initial review pursuant to § 1915A.  For the reasons stated herein, the Court will dismiss some of the claims, allow some claims to proceed for further development, and sever some claims from this action.

**I. BACKGROUND**

In the original complaint, Plaintiff sued Pat Day, a public defender; Governor Andy Beshear; HCJ Jailer Mike Lewis; Hopkins County District Judge David Massamore; and HCJ.  Therein Plaintiff made allegations concerning an appearance he made before Judge Massamore in Hopkins District Court and concerning his incarceration in HCJ.

In the amended complaint, Plaintiff now sues the following 25 Defendants: Christian County; Hopkins County; Graves County; Wesley Campbell, a captain at the Christian County Jail (CCJ); Hopkins District Judge Massamore; Jordan Hancock, a public defender; Alexandria Panarelli, a prosecutor in Hopkins County; James Chamberlan, a supervisor with the Department of Public Advocacy (DPA); Cirris Hatfield, a public defender; Cheri Riddle[1]; Governor Andy Beshear; Kevin Bishop, a judge in Graves County; Pat Day, a public defender; HCJ Jailer Lewis; Pete Jackson, Chief Deputy Jailer at Graves County Detention Center (GCDC); Jake Mason, Jr., a jailer at GCDC; the DPA; Michael Bennett, a prosecutor in Graves County; Harrison Taylor, a "conflict lawyer" for the DPA; John Null, a public defender; Brisby (first name unknown), a corrections officer at HCJ and CCJ; Cunningham (first name unknown), a sergeant at HCJ; Coin (first name unknown), a corrections officer at HCJ; Thomas (first name unknown), a corrections officer at HCJ; and two "'Unknown'" Defendants, corrections officers at HCJ. Plaintiff states that he sues all Defendants in their individual and official capacities.

Plaintiff's amended complaint consists of 27 mostly handwritten pages. He breaks down his allegations into 16 numbered claims. The Court will address each claim below. As relief, Plaintiff requests compensatory and punitive damages and injunctive relief in the form of "policy changes."

Plaintiff states repeatedly in the amended complaint that he would like to "call into evidence Civil Action No. 4:25-cv-00016-JHM," which is the instant civil action number. In conducting this initial review, the Court will consider all allegations made in the amended complaint but will not consider the allegations in the original complaint, which the Court has already fully addressed. Plaintiff also states repeatedly that he would like to "call into evidence"

---

[1] Plaintiff lists this Defendant in the caption but does not state her employer or position in the "Defendants" section of the amended complaint form.

other civil action numbers of cases he has filed in this Court. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Thus, the Court considers only the allegations made in the instant amended complaint. Any reference to Plaintiff's other civil actions will not be considered herein.

Review of the Court's records shows that Plaintiff has filed four other actions in this Court, and each case has been dismissed upon initial review pursuant to § 1915A. *See Meyer v. Massamore et al.*, No. 4:24-cv-00118-JHM; *Meyer v. Lee*, No. 5:24-cv-00162-JHM; *Meyer v. Bishop*, No. 5:25-cv-00021-JHM; and *Meyer v. The Entity of Graves Co. et al.*, No. 5:25-cv-00031-JHM. Many of these complaints make the same allegations as stated in the instant amended complaint. Therefore, the Court will warn Plaintiff that future repetitive filings may lead to the imposition of sanctions in the future.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490

U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Appearance in Hopkins District Court

In Plaintiff's numbered claim 1, as he did in the original complaint, he makes allegations against Defendants Judge Massamore and Public Defender Day arising out of a court appearance in September 2024 following his arrest on a charge of driving under the influence (DUI). Upon initial review of the original complaint, as more fully stated in the Court's prior Memorandum

Opinion and Order (DN 7), the Court dismissed the claims against Defendants Massamore and Day. The Court need not address these claims further.

### *B. Revocation proceedings in Graves Circuit Court*

The Court will read Plaintiff's numbered claims 2 and 4 together. Plaintiff states that he appeared before Defendant Judge Bishop in Graves Circuit Court on a revocation hearing in August 2024. He states that it appeared that Defendant Bishop was going to release him back to active supervision but that Defendant Public Defender Null informed him that he was being held on a DUI charge in HCJ. He maintains that Defendant Bishop ordered him to contact his lawyer to get released from HCJ. Plaintiff states that he was subjected to an excessive force incident at HCJ on September 11, 2024, discussed below in numbered claim 3, and that as a result of that incident, on October 3, 2024, his probation was revoked. He states, "I was told by Mr. Null that Mr. Bishop had a policy that he does not reinstate inmates who were being detained by another co. & and that Mr. Bishop had given me a direct order that I did not follow through with . . ." or that otherwise he would have been released. He states that this violates his rights constitutional rights.

As the Court found in its initial review of the original complaint, judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Judicial

immunity can be overcome in only two situations—for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 356-57. It is evident that the actions alleged in the complaint were in the scope of the Defendant Bishop's judicial capacity and not beyond his jurisdictional authority. As such, Plaintiff's individual-capacity claim against Defendant Bishop must be dismissed for seeking damages from a defendant who is immune from such relief.

Plaintiff's official-capacity claims, which are deemed claims against the Commonwealth of Kentucky, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), must also be dismissed. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

Further, Plaintiff's allegations against Defendant Null arise out of his representation of Plaintiff as his public defender. As the Court found in its initial review of the original complaint, it is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff's claim against Defendant Null must also be dismissed for failure to state a claim upon which relief may be granted.

In addition, any challenge to the revocation of Plaintiff's supervised release is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007). Plaintiff has not demonstrated that his sentence in the revocation proceeding has been reversed on direct appeal or otherwise invalidated. The *Heck* doctrine therefore bars Plaintiff's claims challenging his supervised release revocation and sentence.

### C. Excessive force and retaliation claims against Hopkins County Defendants

Plaintiff's numbered claim 3 states as follows:

> On Sept. 11th 2024 I was tazed with handcuffs on, pepper sprayed with handcuffs on, & put in a restraint chair 3 times while being denied bond. There is no concievable way to conscrue these events except as retaliation for me calling News Channel 44 from cell 815. These acts are a result of Claim #1 & violate my 1st & 8th constitutional right. (I will need some form of discovery in order to learn Mr. Brisby & Sargent Cunningham's first names in order to get thier addresses for the summons as well as Ms. Coin's, Ms. Thomas' & two unknown C.O.s who denied my bond on the kioask.)

Construing the complaint broadly, **the Court will allow Plaintiff's excessive force claims based on being tased and pepper sprayed while handcuffed and put in a restraint chair to proceed against Defendant Brisby and Cunningham in their individual capacities**.

Plaintiff's claim against Hopkins County and his official-capacity claims against these Defendants, which are construed as brought against Hopkins County, must be dismissed because

7

he does not allege that these actions were taken pursuant to policy or custom of Hopkins County. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (a county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation).

As to Plaintiff's allegation that Defendants Coin, Thomas, and two unknown corrections officers "denied [his] bond on the kioask[,]" the Court is unable to discern a constitutional violation. Plaintiff's bond would have been denied by the Hopkins District Court and not by HCJ officers. Therefore, Plaintiff's claims against Defendant Coin, Thomas, and the two unknown officers will be denied for failure to state a claim upon which relief may be granted.

Plaintiff also alleges retaliation. Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (per curiam). To state a retaliation claim, a plaintiff must show that: (1) he engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X*, 175 F.3d at 394).

The Court understands Plaintiff's allegations to be that he called a news channel based on his court appearance before Defendant Massamore alleged in claim number 1 and that he was subjected to excessive force by Defendants Brisby and Cunningham because of his call to the news channel. The Court will assume for purposes of this initial review that calling the news channel about the treatment he received in Defendant Massamore's courtroom was protected conduct and that the alleged excessive force by Defendants Brisby and Cunningham constituted

an adverse action. However, Plaintiff makes no factual allegations to support a causal connection between the alleged protected conduct and the alleged adverse action. *See Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (holding that "merely alleg[ing] the ultimate fact of retaliation" is not sufficient to state a claim). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Therefore, Plaintiff's retaliation claim must be dismissed for failure to state a claim upon which relief may be granted.

### D. Transfer from Graves County work program

Plaintiff next alleges in claim number 5 that he "was transferred from Graves Co. RCC work program to Christian Co. Detention Center because of me requesting a lawyer call in regards to a civil action I had taken that may or may not involve staff working at this facility." Plaintiff states that he asked a non-Defendant GCDC Class D coordinator "about errors on my time sheet" and asked if he could make a lawyer call. The Class D coordinator told Plaintiff that he would have to ask Defendant GCDC Chief Deputy Jackson and that he "told her about my conversation with [Jackson]" two days earlier. He further states as follows:

> [The Class D coordinator] asked me if I wanted to be moved & I said absolutely not. She told me she was about to call DOC about my timesheet & she would report my incodent with him then. That vary same afternoon I was placed in handcuffs & brought to a federal holding facility. I feel like this was in retaliation & violates my 1st, 5th, & 8th constitutional right. I would like to point out that my rights were already being violated by Hopkins Co. so they are also responsibale for the deprivation of these rights.

The Court broadly construes this claim as being brought against Defendants Graves County, Chief Deputy Jackson, and Jailer Mason. Federal Rule of Civil Procedure 20 states in relevant part,

> Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). A federal court may consider many different factors when determining whether civil rights claims arise from the same transaction or occurrence, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 661 (E.D. Mich. 2009) (internal quotation marks and citation omitted).

Upon consideration, the Court concludes that Plaintiff's claims arising out of his transfer from GCDC to CCJ do not arise out of the same transaction or occurrence as his claims set forth in the original complaint, which made allegations concerning an appearance he made before Judge Massamore in Hopkins District Court and his incarceration in HCJ. Plaintiff made no allegations in his original complaint concerning his incarceration in GCDC or any retaliatory transfer. Moreover, Plaintiff's allegation that Hopkins County is "also responsible for the deprivation of rights" in connection with these allegations is wholly conclusory and non-sensical since none of the Hopkins County Defendants could have caused Plaintiff to be transferred from GCDC.

Having concluded that these Defendants have been improperly joined, the Court must determine an appropriate remedy. Federal Rule of Civil Procedure 21 provides, "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "The manner in which a trial court handles misjoinder lies within that court's sound discretion." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988). As this Court has explained: "'Rule 21 gives the court discretion to make three types of orders. The court may add parties, drop (dismiss) parties, and may sever '[a]ny claim against a party.'" *Jones v. Pancake*, No. CIV.A. 3:06CV-P188-H, 2007 U.S. Dist. LEXIS, at *9 (W.D. Ky. Nov. 14, 2007) (quoting 4-21 Moore's Federal Practice-Civil § 21.02) (internal quotation omitted)). "'Severance under Rule 21 results in separate actions.'" *Id*. (quoting 4-21 Moore's Federal Practice-Civil § 21.06).

After considering the issues and its options under Rule 21, the Court concludes that the most economical and just manner in which to proceed is to sever Plaintiff's claims against Defendants Graves County, Jackson, and Mason from the instant action. The Court will direct the Clerk of Court to sever these claims below.

### *E. Trial in Hopkins District Court*

Both claim numbers 6 and 12 make allegations concerning Plaintiff's trial on his DUI charge before Defendant Judge Massamore in Hopkins District Court, which he states took place on July 10, 2025. He makes allegations against his public defender, Defendant Taylor; the prosecutor, Defendant Panarelli; and Defendant Massamore concerning a number of alleged violations of his rights during the trial.

Plaintiff's claims against Defendant Massamore are barred by absolute judicial immunity for the same reasons as discussed above. His claim against Defendant Harrison must dismissed because a public defender is not a state actor for purposes of § 1983 as discussed above.

Furthermore, prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Therefore, Plaintiff's individual-capacity claim against Defendant Panarelli is barred by prosecutorial immunity.

Plaintiff's official-capacity claim against Defendant Panarelli must also be dismissed because, as stated above, state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983, *Will*, 491 U.S. at 71, and the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

In addition, any challenge to Plaintiff's conviction is barred by the *Heck* doctrine for the reasons stated above.

### F. The DPA and DPA personnel

Plaintiff's numbered claims 7 and 8 make allegations against the DPA and its personnel. In claim number 7, he asserts that the DPA "has a vary clear pattern of not giving me good legal advice or quality services." He also states, "The DPA and the Commonwealth have taken up a

unconstitutional policy where they use the DPA to get convictions." He makes allegations concerning various public defenders' representation of him in state criminal cases. In numbered claim 8, Plaintiff states, "I have exhausted all administrative remedies with the Ky DPA, I have filed multiple complaints with them in regards to thier policys' & practices. I have personally spoke with Mr. James Chamberlan & even lodged a complaint against him in efforts to gain my freedom." He also details his efforts in attempting to file a complaint against Defendant Taylor.[2]

The DPA is a state agency. *See, e.g., Lowe v. Ky. Court of Justice*, No. 2:14-168-KKC, 2015 U.S. Dist. LEXIS 43527, at *4 (E.D. Ky. Apr. 2, 2015) ("Ky. Rev. Stat. 31.010 establishes DPA as [a] state agency. . . ."). A state and its agencies are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 71; *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Moreover, under the Eleventh Amendment, a state and its agencies may not be sued in federal court, regardless of the relief sought. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991). Thus, the Court will dismiss Plaintiff's claims against the DPA for failure to state a claim upon which relief may be granted and for seeking damages from a defendant immune from suit.

As to Plaintiff's claims against various public defenders, as stated above, a public defender is not a state actor for purposes of § 1983. Therefore, Plaintiff's claims against all of the public defenders named in the amended complaint, *i.e.,* Defendants Hancock, Hatfield, Day, Harrison, and Null, must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also maintains that he complained to Defendant Chamberlan, a DPA supervisor, and that Defendant Chamberlan took no action. The doctrine of *respondeat superior*, or the right

---

[2] At the end of claim number 8, Plaintiff states that Defendant Massamore did not tell him how to appeal his DUI conviction and alleges that he and Hopkins County also violated his constitutional rights. However, the Court has already dismissed Plaintiff's claims against these Defendants.

to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor*, 69 F.3d at 80-81; *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Therefore, Plaintiff's claims against Defendant Chamberlan will also be dismissed for failure to state a claim.

### G. Graves County law enforcement

Plaintiff alleges in his numbered claim 9 that Graves County "has a policy in place where they arrest me every time they make contact no matter how badly they have to misconscrue the facts." He describes an incident in 2023 where he was arrested by Defendant Harpole at a residence owned by Plaintiff's mother. He also states that he was arrested for arson in 2019 and that in 2020 he was arrested on 62 counts of wanton endangerment "for putting something in a microwave that ignited into a small fire." He states that he "believes this practice or policy is unconstitutional."

The Court construes these claims as being brought against Defendants Graves County and Harpole. Upon review of the allegations under Fed. R. Civ. P. 21, the Court finds that Plaintiff's claims concerning an alleged policy of Graves County to arrest him do not arise out of the same transaction or occurrence as his claims set forth in the original complaint. Therefore, these Defendants are improperly joined. Having considered the options under Rule 21, described above, the Court concludes that the most economical and just manner in which to proceed is to

sever Plaintiff's claims against Defendants Graves County and Harpole from the instant action. The Court will direct the Clerk to sever these claims accordingly.

### *H. Incarceration at CCJ*

In claim number 10, Plaintiff makes allegations concerning his incarceration at CCJ. He states that after he entered CCJ he wrote "666" on the wall and that a guard overheard him say, "'I feel like I could kill someone.'" He asserts that he was moved to segregation and asked Defendant CCJ Captain Campbell what to do about getting out of segregation and was told that he needed to be seen by "mental health." He states that the mental health provider said that he did not need to be in segregation but that he is still housed in CCJ segregation indefinitely. He states that Defendants Campbell and Christian County have violated his rights. He also states a variety of allegations concerning his incarceration at CCJ, including denial of access to courts, denial of a Bible, and denial of an adequate mat and adequate sleep. Plaintiff states that he has exhausted his administrative remedies.

The Court construes these claims as being brought against Defendants Christian County and Campbell. Upon review of the allegations under Fed. R. Civ. P. 21, the Court finds that Plaintiff's claims concerning his incarceration at CCJ do not arise out of the same transaction or occurrence as his claims set forth in the original complaint. Plaintiff alleged in the original complaint that he was subjected to excessive force at HCJ, but CCJ is a different facility than HCJ, and the claims involve wholly separate acts, Defendants, and potential witnesses. Therefore, these Defendants are improperly joined. Having considered the options under Rule 21, described above, the Court concludes that the most economical and just manner in which to proceed is to sever Plaintiff's claims against Defendants Christian County and Campbell from the instant action. The Court will direct the Clerk to sever these claims, as well.

### *I. Request for habeas corpus form*

In claim number 11, Plaintiff states, "I asked Mr. Harrison how to go about getting a writ of habeas corpus 2254 form/packet & he informed me that jail staff would provide one upon request. I have exhausted all administrative remedies about it so I guess Christian Co. is responsible" for violating his constitutional rights.

Plaintiff's allegations fail to state a constitutional claim because he could request a 28 U.S.C. § 2254 habeas petition form from the Clerk of Court's office at any time. The Court will direct the Clerk to send a § 2254 petition form to Plaintiff. Therefore, Plaintiff's claim regarding being denied such a form must be dismissed for failure to state a claim upon which relief may be granted.

### *J. Letter from Kentucky Department of Corrections (KDOC) employee*

In numbered claim 13, Plaintiff states that he is in possession of a letter dated October 21, 2024, from a KDOC employee which states that he had received Plaintiff's letter regarding his claim numbers 1 and 3. Plaintiff states, "He informed me DOC does not have jurisdiction over staff at county facilitys but he assured me he would forward Mike Lewis (Hopkins Co Jailer) a copy of my letter proving I exhausted all administrative remidies . . . ."

The Court is unable to discern a cognizable constitutional claim based on these allegations, and the claim will be dismissed for failure to state a claim upon which relief may be granted.

### *H.  Letter to Defendant Beshear*

In claim number 14, Plaintiff states that he wrote to Defendant Beshear and sent him copies of civil actions he filed in this Court. He states, "Several of the allegations in these claims if not all are criminal, at the vary least unethical. Mr. Beshears' failure to take action violates my

16

14th Amendment Section 1. This is Mr. Beshears' job & responsability & his inaction lead to further deprivation of my rights."

Upon initial review of the original complaint, as more fully stated in the Court's prior Memorandum Opinion and Order (DN 7), the Court dismissed Plaintiff's claims against Defendant Beshear. The Court need not address this claim further.

### I. Authority of this Court

The Court will read Plaintiff's numbered claims 15 and 16 together. In claim number 15, Plaintiff states that he has "stated my constitutional rights as they appear in the Bill of Rights." In claim 16, he states as follows:

> I do not believe the Western District of Kys' US District Court has the proper authority in & of itself to resolve my grievance. I believe the way our legal system is conscrued in a way that only the highest court can grant me the relief I deserve. I would like to point out that my god given rights are clearly being deprived of on a level that's really sickening when you think about it.

The Court has reviewed these allegations and cannot discern a constitutional claim. Plaintiff may appeal final rulings of this Court to higher courts under federal statutory and constitutional law. Therefore, these allegations will be dismissed for failure to state a claim upon which relief may be granted.

### J. Injunctive relief claim

In the amended complaint, Plaintiff seeks injunctive relief in the form of "policy changes." The claim is too broad and conclusory to support a claim. *See Iqbal*, 556 U.S. at 678 (pleading not sufficient if it offers "'labels and conclusions'" or if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). Therefore, Plaintiff's claim for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the motion to reopen and to amend the complaint (DN 11) is **GRANTED** and the Court's Order of dismissal (DN 8) is **VACATED**. The **Court directs the Clerk of Court** to reinstate this action to the Court's active docket.

**IT IS FURTHER ORDERED** that Plaintiff's excessive force claims based on being tased and pepper sprayed while handcuffed and put in a restraint chair are allowed to proceed against Defendants Brisby and Cunningham in their individual capacities for monetary damages.

**IT IS FURTHER ORDERED** that the claims against Defendants Graves County, Jackson, and Mason as alleged in Plaintiff's claim number 5 and the claims against Defendants Graves County and Harpole as alleged in claim number 9 are **SEVERED** from the instant action. The Clerk the Clerk of Court is **DIRECTED** to open a new civil action with the amended complaint (DN 11) as the complaint and Defendants Graves County, Jackson, Mason, and Harpole as Defendants in the new action. The instant Memorandum Opinion and Order shall be docketed in the new action.[3]

**IT IS FURTHER ORDERED** that the claims against Defendants Christian County and Campbell as alleged in Plaintiff's claim number 10 are **SEVERED** from the instant action. The Clerk the Clerk of Court is **DIRECTED** to open a second new civil action with the amended complaint (DN 11) as the complaint and Defendants Christian County and Campbell as Defendants in the new action. The instant Memorandum Opinion and Order shall be docketed in the new action.

**IT IS FURTHER ORDERED** that all other claims asserted and Defendants named in the amended complaint are **DISMISSED** pursuant to § 1915A(b)(1),(2) for failure to state a

---

[3] Once the new action is opened, the Court can determine in that action if those claims are properly joined.

claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

The **Clerk of Court is DIRECTED** to add "Brisby (first name unknown)" and "Sgt. Cunningham (first name unknown)" as Defendants in the docket and to terminate all other Defendants listed in the docket sheet.

As stated above, Plaintiff has made many repetitious claims and filings in this Court. The Court **WARNS** Plaintiff that his continued filing of repetitious claims and filings may result in sanctions, including filing restrictions.

In regard to Plaintiff's claim regarding his request for a § 2254 form for filing a petition for writ of habeas corpus, the **Clerk of Court is DIRECTED** to send Plaintiff a § 2254 form.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed. In allowing claims to proceed, the Court passes no judgment on their merit or the ultimate outcome of the case.

Date:   September 15, 2025

Joseph H. McKinley Jr., Senior Judge<br>
United States District Court

cc:   Plaintiff, *pro se*
4414.010